UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

___

CHRISTOPHER DIAZ,

                              Petitioner,

      -vs-                        **No. 1:12-CV-0075(MAT)**
                                         **DECISION AND ORDER**

DALE ARTUS, Sup. of Wende
Correctional Fac.,

                              Respondent.

___

## I. Introduction

This is habeas proceeding pursuant to 28 U.S.C. § 2254, commenced by *pro se* petitioner Christopher Diaz ("Diaz" or "Petitioner"), challenging his convictions in New York State Supreme Court, Monroe County, on charges of first-degree criminal sexual act, first-degree sexual abuse, and endangering the welfare of a child. On January 22, 2015, this Court issued a Decision and Order (Docket No. 17) denying Petitioner's request for a writ of habeas corpus and declining to issue a certificate of appealability. *Diaz v. Artus*, 1:12-CV-0075, 2015 WL 277410 (W.D.N.Y. Jan. 22, 2015). On July 6, 2015, the Second Circuit denied Petitioner's motion for a certificate of appealability and dismissed his appeal. (Docket No. 22).

Diaz now has filed a Motion to Vacate and Set Aside the Judgment (Docket No. 24) pursuant to Federal Rule of Civil Procedure 60(b) ("Rule 60(b)"). Respondent filed a Memorandum of Law in Opposition (Docket No. 29) along with Supplemental State

Court Records (Docket Nos. 29-1 & 29-2). Diaz filed a Reply (Docket No. 30). For the reasons discussed below, Diaz's Motion is denied.

## II. Background

### A. Overview of the Relevant Facts and Events

#### 1. The DNA Evidence Collections in March and June of 2005

The victim in this case testified that, among other things, Petitioner forced her to perform oral sex on him and later masturbated in front of her in the basement area of the apartment building where they both lived. On March 10, 2005, Irondequoit Police Department Officer Alan Laird went to the basement of the apartment building and used an "alternative light source" to search for evidence of bodily fluids. (T.241-43).[1] Certain spots by the western wall of the basement storage area fluoresced under the alternative light source. However, no spots fluoresced in the areas on the floor or behind the basement door—the locations where the victim testified Petitioner had sexually assaulted her. (T.243-44). Officer Laird obtained swabs of the areas that had fluoresced and sent them to the Monroe County Public Safety Laboratory for testing. (T.245).

On June 17, 2005, Officer Laird returned to the basement of Petitioner's apartment building and again used the alternative light source. (T.245). On this occasion, he observed three spots on

---

[1] Citations in parentheses to "T." refer to pages from the trial transcript.

the floor near the western wall of the basement. (T.256). Officer Laird obtained swabs of the areas that had fluoresced and sent them to the Monroe County Public Safety Laboratory for testing. (T.256).

The parties stipulated at trial that (1) *no semen* was found on the swabs taken by Officer Laird from the basement on March 10, 2005; (2) some of the swabs from the basement area on June 17, 2005 contained semen, and that semen was tested by the Monroe County Laboratory; (3) the laboratory report reflected that the DNA profiles from the semen on the swabs collected on June 17, 2005, were from two different *unknown* males; (4) Petitioner was *not* the source of the DNA profile obtained from the swabs collected on June 17, 2005. (T.311; SR.170-72).[2]

### 2. The Police Reports and Petitioner's Records Requests

Prior to Petitioner's trial, the prosecution provided defense counsel with the following documents: Irondequoit Police Department ("IPD") Technical Services Unit Reports authored by Officer Laird describing his searches of the basement and his recovery of evidence on March 10, 2005, and June 17, 2005 (SR.399-400, 421-22, 651-52, 673-74); IPD Property Custody Reports relating to Officer Laird's searches on March 10, 2005, and June 17, 2005 (SR.401, 423, 653, 675, 1477-78); chain of custody reports for the items obtained on those dates (SR.403-05, 655-57); and related reports from the

---

[2] Citations in parentheses to "SR." refer to pages in the volumes of state-court records filed by Respondent with the Court.

Monroe County Public Safety Laboratory (SR.168-72, 410-11, 417-19, 428-30, 662-63, 669-71, 680-82). (*See* Docket No. No. 24-1 at 7; SR.1459).

In 2010, several years after his trial, Petitioner submitted a Freedom of Information Law ("FOIL") request to the IPD Records Division, in response to which he was sent a copy of the March 10, 2005 Property Custody Report ("the March Property Report"). This document, unlike the copy provided to defense counsel prior to trial, was time- and date-stamped "received" by the IPD Property Clerk's Office. (SR.407-08, 659-60, 1480-81). Petitioner claims that he started to become "suspicious of police misconduct, even more so, when he didn't receive any documents for the supposedly second search some three months later on 6/17/2005 which had been given to defense counsel. . . ." (Docket No. 29-2, p. 21 of 293; SR.1462). Petitioner utilized this copy of the March Property Report to file a motion to vacate in the Trial Court pursuant to New York Criminal Procedure Law ("CPL") §440.10, claiming that "false evidence" was used against him at his trial. This motion was unsuccessful. The Trial Court found that Petitioner had failed to establish that Officer Laird testified falsely. (SR.526). Moreover, the Trial Court found, the exhibits he submitted could not be considered newly discovered evidence, because they could have been obtained before trial with the exercise of due diligence, and were

not material insofar as Petitioner failed to establish that a retrial would have resulted in a different verdict. (SR.526).

Petitioner submitted another FOIL request to the Town of Irondequoit April 24, 2005, seeking the Property Custody Report of swab samples collected on June 17, 2005, which he deems "the fabricated second search." In response, he received another copy of the March Property Report with a handwritten annotation (by an unknown person) stating, "This is the only property custody report." (SR.1474). Characterizing this as new evidence of his innocence, Petitioner again moved for vacatur in the trial court.

### 3. The Second CPL § 440.10 Motion

Petitioner argued the 2016 FOIL response established conclusively that there was only one Property Custody Report in IPD, namely, the March Property Report. He reasoned that since the IPD had no copy of the Property Custody Report from Officer Laird's search of the basement on June 17, 2005, this proved that (1) the June 17, 2005 Property Custody Report that the prosecutor turned over to defense counsel prior to trial must have been falsified, since it was never filed with the IPD property clerk; (2) the semen swabs that were allegedly collected by Officer Laird on June 17, 2005, must have come from another source; (3) Officer Laird must have testified falsely about his June 17th search; (4) the June 17, 2005 semen "evidence was fabricated deliberately and maliciously for one purpose and only purpose only, so the prosecutor could

present to the jury without any supporting evidence, that the defendant orchestrated the finding of semen because he knew the police would eventually return to the scene and investigate further and he wanted to appear innocent of the crimes of March 2, 2005." (SR.1459-60, 1464-66). Petitioner also reiterated his arguments, raised in his first CPL § 440.10 motion and habeas petition, that the prosecutor's summation improperly implied that Petitioner had planted the June 17th semen evidence (SR.1465); and that trial counsel was ineffective for not investigating the June 17th evidence collection and subsequent DNA testing himself (SR.1468-69).

By order dated December 7, 2016, the Trial Court denied the motion, finding that Petitioner's claims were "self-serving, conclusory and unsupportable; the inferences he draws are specious at best; and the exhibits he attached to his motion add no material substance to shore up his allegation." (SR.1533). The Trial Court also found that Petitioner had failed to establish "the probability that a different verdict would result if a new trial were granted." (*Id*.). Petitioner moved for reconsideration, which the Trial Court denied on June 16, 2017, holding, among other things, that the 2016 FOIL request form did not constitute newly discovered evidence. (SR.1556-58). Petitioner's requests for leave to appeal both of the Trial Court's orders were denied on May 10, 2017 (SR.1635-36), and October 24, 2017. (SR.1733-34). Petitioner filed the instant motion on December 7, 2017.

**II. Rule 60(b) in the Habeas Context**

Rule 60(b) allows a party to seek relief from a final judgment on certain enumerated grounds: mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence; fraud; the judgment is void; or the judgment has been satisfied. FED. R. CIV. P. 60(b)(1)-(5). Rule 60(b) also has a so-called "catch-all" provision, subsection (6), which allows vacatur for "any other reason that justifies relief. . . ." FED. R. CIV. P. 60(b)(6).

A motion to reopen a habeas proceeding under Rule 60(b) is permissible where it "relates to the integrity of the federal habeas proceeding, not to the integrity of the state criminal trial." *Rodriguez v. Mitchell*, 252 F.3d 191, 199 (2d Cir. 2001); *see also Gonzalez v. Crosby,* 545 U.S. 524, 538 (2005) ("We hold that a Rule 60(b)(6) motion in a § 2254 case is not to be treated as a successive habeas petition if it does not assert, or reassert, claims of error in the movant's state conviction."). Rule 60(b) is not a vehicle for rearguing the merits of the challenged decision. *Fleming v. New York Univ.*, 865 F.2d 478, 484 (2d Cir. 1989) (citations omitted).

When the court is presented with a Rule 60(b) motion that merely asserts or reasserts claims of error in the movant's underlying conviction or sentence, a district court generally has two procedural options: "(i) the court may treat the Rule 60(b) motion as 'a second or successive' habeas petition, in which case

it should be transferred to [the Circuit Court of Appeals] for possible certification [under 28 U.S.C. § 2244(b)(2)], or (ii) the court may simply deny the portion of the motion attacking the underlying conviction 'as beyond the scope of Rule 60(b).'" *Harris*, 367 F.3d at 82 (quoting *Gitten v. United States*, 311 F.3d 529, 534 (2d Cir. 2002)). Some district courts in this Circuit, when presented with a second or successive petition in the guise of a Rule 60(b) motion, have determined that it is not in the interest of justice to transfer it for certification by the circuit because it is entirely without merit, and have dismissed the petition. *E.g., Mallet v. Miller*, 953 F. Supp.2d 491, 493 (S.D.N.Y. 2013) (citing *Terrence v. Artus*, No. 05 Civ. 5994DC, 2005 WL 1705299, at *2 (S.D.N.Y. July 20, 2005) (dismissing successive habeas petition that was clearly without merit)); *see also Castellano v. United States*, 967 F. Supp.2d 768, 770 (S.D.N.Y. 2013) (finding that "transfer is unnecessary where the second or successive habeas corpus application is wholly without merit"); *Avendano v. United States*, No. 02CR1059-LTS, 2014 WL 7236036, at *2 (S.D.N.Y., Dec. 19, 2014) ("[A] district court need not transfer the second or successive motion if it is wholly without merit; the court should instead dismiss the motion if it is clear that the narrow set of factual predicates for relief on a second or successive section 2255 petition have not been made out.").

## III. Discussion

### A. Petitioner's Motion is Outside the Scope of Rule 60(b)

Petitioner asserts entitlement to relief under subsections (2) (newly discovered evidence), (3) (fraud), and (6) (any other reason that justifies relief) of Rule 60(b). He argues that his motion is within the proper scope of Rule 60(b) in the habeas context because the IPD "infringed upon" the "integrity of the habeas proceeding" by refusing to provide him with evidence demonstrating that the police fabricated evidence. (*See* Docket No. 24-2 at 5, 7-8). Plaintiff does not support this argument with any legal authority, and the Court has found none in its research. In fact, as Respondent points out, the decisions in this Circuit and elsewhere have been consistently to the contrary. *See, e.g.*, *Afrika v. New York,* 12-CV-0537, 2014 WL 1347762, at *1-2 (W.D.N.Y. Apr. 4, 2014) (finding that habeas petitioner's motion was outside the scope of Rule 60(b); "[a]lthough [the] [p]etitioner has couched his argument as a challenge to the integrity of the habeas proceeding, he, in substance, challenges the underlying conviction by arguing that the People 'utilized constitutionally suppressed and inadmissible evidence' at his trial and that the manner in which the People's forensic serologist performed DNA testing was flawed'"); *Kearney v. Graham*, No. 06-CV -6305 (CBA), 2010 WL 3023668, at *2 (E.D.N.Y. July 29, 2010); *D'Antuono v. Conway,* No. 05-CV-0437A, 2010 WL 4513300, at *2 (W.D.N.Y. Nov. 10, 2010).

The Court finds that Petitioner's claim pursuant to Rule 60(b)(2), seeking to present "newly discovered evidence" that allegedly proves the unfairness of his state court trial, is not properly brought under Rule 60(b). *Kearney*, 2010 WL 3023668, at *2 (citing *Gonzalez v. Crosby*, 545 U.S. at 531 (observing that where a motion "seek[s] leave to present 'newly discovered evidence,' Fed. Rule Civ. Proc. 60(b)(2), in support of a claim previously denied[,]" it should be treated as a successive habeas petition) (citation omitted)).

Petitioner's claims of fraudulent conduct, which he seeks to raise pursuant to Rule 60(b)(3), all relate to police and prosecutorial misconduct that allegedly occurred in connection with his trial, namely, Officer Laird's fraudulent gathering of DNA evidence and the prosecutor's subornation of perjured testimony by Officer Laird. An allegation of fraud on the habeas court could relate to a "defect in the integrity of the federal habeas proceedings" and thus fall within Rule 60(b). *See*, *e.g., Jones v. Ryan,* 733 F.3d 825, 834 (9th Cir. 2013) ("Proper Rule 60(b) motions include those alleging fraud on the federal habeas corpus court . . . ."). However, Petitioner's claims assert error *only* in connection with his state conviction. *Kearney*, 2010 WL 3023668, at *2 (habeas petitioner's fraud allegations of "'fraudulent scientific forensic testimony [and] perjured evidence'" "state[d]

only error in his state conviction" and did not come within ambit of Rule 60(b)(3) (alteration in original; citation omitted).

Because Petitioner's purported Rule 60(b) motion does not attack the integrity of his previous federal habeas proceeding, it must be treated as a "second or successive habeas petition." *Gonzalez,* 545 U.S. at 538; *see also Harris,* 367 F.3d at 81. However, as discussed further below, the Court finds that it is not in the interests of justice to transfer the petition to the Second Circuit for possible certification.

**B.**

This Court lacks jurisdiction to consider a second or successive habeas petition unless authorized by the Second Circuit. *See Liriano v. United States,* 95 F.3d 119, 123 (2d Cir. 1996); *see also* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the motion."). Title 28 U.S.C., Section 1631 "states that if a district court determines that it lacks jurisdiction over a civil action, it 'shall, *if it is in the interest of justice*, transfer such action or appeal to any other such court in which the action or appeal could have been brought.'" *In re Cline,* 531 F.3d 1249, 1251 (10th Cir. 2008) (quoting 28 U.S.C. § 1631) (emphasis in original)).

"In general, this Court should transfer a second or successive habeas petition to the Second Circuit if it is in the interest of justice." *Mallet v. Miller*, 442 F. Supp.2d 156, 157 (S.D.N.Y. 2006) (citing *Liriano,* 95 F.3d at 123) ("[W]hen a second or successive petition for habeas corpus relief or § 2255 motion is filed in a district court without the authorization by this Court that is mandated by § 2244(b)(3), the district court should transfer the petition or motion to this Court in the interest of justice pursuant to § 1631[.]"). However, in the present case, however, the Court finds that it is not in the interest of justice to transfer Petitioner's second or successive petition because, for the reasons explained below, the petition is entirely without merit. *Mallet*, 442 F. Supp.2d at 157 (citing *Terrence v. Artus,* No. 05 Civ. 5994, 2005 WL 1705299, at *2 (S.D.N.Y. July 20, 2005) (dismissing successive habeas petition that was clearly without merit); *see also Minaya v. United States*, 41 F. Supp.3d 343, 345 (S.D.N.Y. 2014) (declining to transfer 28 U.S.C. § 2255 motion; stating that "transfer is unnecessary where the second or successive habeas corpus application is wholly without merit") (citation omitted).

A claim presented in a second or successive habeas application must be dismissed unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable; or

> (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> (ii) the facts underlying the claim . . . would be sufficient to establish by clear and convincing evidence that . . . no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

Petitioner's application does not fall within subsection (A). Even assuming he meets the criteria in subsection (B)(i), he fails to meet the criteria in subsection (B)(ii), as discussed below.

Based on Petitioner's alleged newly discovered evidence obtained from the IPD, Petitioner makes the same argument that he made in his original habeas petition: Because the IPD appears not to have a copy of the June 17, 2005 Property Custody Report, the following must be true: Officer Laird did not actually search the basement of the apartment building in which Petitioner and the victim resided on June 17, 2005; the June 17, 2005 Property Custody Report the prosecutor provided to defense counsel prior to trial must have been falsified; Officer Laird must have submitted to the semen samples from another source to the Monroe County Public Safety Laboratory for DNA testing; and the prosecutor suborned perjured testimony when Officer Laird testified regarding the June 17, 2005 search. (*See* Docket No. 24-2 at 5-6, 8-9; SR.1459-62).

This Court previously rejected Petitioner's line of reasoning, finding it difficult to understand "how the above-discussed

documents even remotely undermine the veracity of Officer Laird's testimony about the evidence he collected, the results of the DNA testing, or the contents of the evidentiary stipulation." *Diaz,* 2015 WL 277410, at *6. The Court remains convinced that Petitioner's argument–that the absence of a June 17, 2005 Property Custody Report in the IPD's records somehow establishes that Officer Laird falsified the June 17, 2005 semen samples—is based on pure speculation. Nothing that Petitioner has submitted in support of his Rule 60(b) motion undermines the following documentary evidence regarding Officer Laird's collection of the evidence, namely, his Technical Services Unit Report describing his search of the basement and his discovery of semen there on June 17, 2005; his Property Custody Report describing his collection of the semen from the basement on June 17, 2005; the June 24, 2005 submission of samples to the Monroe County Public Safety Laboratory; and the Laboratory's test results concluding that Petitioner could *not* have been the source of the semen. The final point shows the most critical flaw in Petitioner's argument—it is without merit. Indeed, the Court is unable to conceive of any logical reason for Officer Laird to have submitted semen samples that he knew would *exculpate* Petitioner.[3] In short, Petitioner's newly discovered evidence is

---

[3] This Court previous concluded that "even assuming for the sake of argument that [Petitioner] has correctly interpreted the police investigative reports and laboratory test results, and that Officer Laird testified falsely about his June 17, 2005, visit to the crime scene, the Court cannot find 'any reasonable likelihood that the false testimony could have affected the judgment of the

simply not material, because there is no reasonable possibility, much less reasonable probability, that it might have produced a different outcome at trial. *Kyles v. Whitley*, 514 U.S. 419, 433 (1995) ("[F]avorable evidence is material . . . 'if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. . . .'") (quoting *United States v. Bagley*, 473 U.S. 667, 682 (1985)). Likewise, the evidence could not "reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict." *Kyles v. Whitley,* 514 U.S. 419, 435 (1995).

Since Petitioner's second or subsequent habeas petition clearly does not survive dismissal under 28 U.S.C. § 2244, the Court declines to transfer it to the Second Circuit and instead dismisses it in the interest of judicial economy. *Accord*, *e.g.*, *Mallet*, 443 F. Supp.2d at 158.

**C. Relief Is Unavailable under Rule 60(b)**

Even if this Court addresses the Rule 60(b) motion on the merits, it must be denied. Claims under subsections (2) and (3) are outside of the strict one-year time limitation, and claims under subsection (6) were not brought within a reasonable time.

---

jury[,]' [*United States v.*] *Agurs*, [427 U.S. 97, 104 (1976)] . . . , because none of it actually inculpated Petitioner." *Diaz,* 2015 WL 277410, at *7.

### 1. Relief Under Rules 60(b)(2) and (3) Is Barred As Untimely

Rule 60 specifically provides that a motion for relief from judgment may be made "for reasons (1), (2), and (3) not more than one year after the judgment . . . was entered[.]" FED. R. CIV. P. 60(c)(1). "This limitations period is 'absolute.'" *Warren v. Garvin*, 219 F.3d 111, 114 (2d Cir. 2000) (quotation omitted). Moreover, it is not tolled during the pendency of an appeal from the district court's judgment. *King v. First Am. Investigations, Inc.*, 287 F.3d 91, 94 (2d Cir. 2002).

Petitioner's motion to vacate, dated December 7, 2017 (Docket No. 24), was filed nearly two years after this Court's judgment was entered. Therefore, Petitioner's claims under Rule 60(b)(2) and (3) are time-barred. *See Brown v. Combs*, 241 F. App'x 761, 762 (2d Cir. 2007) (unpublished opn.)(finding that a motion to vacate the judgment on the basis of newly discovered evidence and fraud upon the court was untimely as it was filed more than 18 months after the district court entered judgment); *Flemming v. New York,* 06 CIV. 15226, 2013 WL 4831197, at *12 (S.D.N.Y. Sept. 10, 2013) (rejecting, as time-barred, claim under Rule 60(b)(2) based on newly-discovered evidence).

As Respondent argues, Petitioner cannot circumvent Rule 60(c)'s strict limitations period by framing his Rule 60(b) motion under the rule's catchall provision, subsection (6). It is well-settled that "Rule 60(b)(6) *only* applies if the reasons offered for

relief from judgment are not covered under the more specific provisions of Rule 60(b)(1)-(5)." *Warren*, 219 F.3d at 114-15 (emphasis supplied). Here, as noted, Petitioner's claims based on newly discovered evidence and fraud upon the court are properly covered by Rule 60(b)(2) and (b)(3). *Brown*, 241 F. App'x at 762 ("[Petitioner's] claim that the 'nature, scope, and ramification' of his alleged newly discovered evidence constituted extraordinary circumstances under Rule 60(b)(6) may not be used to circumvent the one-year time limit [for Rule(b)(1)-(3)]. . . .") (internal citation omitted); *Azkour v. Little Rest Twelve*, No. 10-cv-4132(RJS), 2017 WL 1609125, at *4-5 (S.D.N.Y. Apr. 28, 2017), *appeal dismissed*, 2017 WL 6764231 (2d Cir. Aug. 28, 2017); *Wright v. Poole*, 81 F. Supp.3d 280, 290-91 (S.D.N.Y. 2014).

### 2. The Rule 60(b)(6) Motion Was Not Brought Within a Reasonable Time

Although not subject to a set filing limitation, motions brought under Rule 60(b)(6) must still be filed "within a reasonable time." FED R. CIV. P. 60(c)(1). The circumstances of this case establish that Petitioner did not file his motion "within a reasonable time," because he waited nearly two years after the entry of the judgment dismissing his habeas petition to file the instant motion.

Even if the Rule 60(b)(6) motion were timely filed, it still fails. Subsection 60(b)(6) "permits reopening when the movant shows 'any . . . reason justifying relief from the operation of the

judgment' other than the more specific circumstances set out in Rule 60(b)(1)-(5)." *Gonzalez v. Crosby,* 545 U.S. at 528-29. To obtain relief under Rule 60(b)(6), a moving party must demonstrate "extraordinary circumstances" justifying the reopening of the final judgment. *Id.* at 536; *see also Harris,* 367 F.3d at 81 ("It is well established . . . that a proper case for Rule 60(b)(6) relief is only one of 'extraordinary circumstances,' or 'extreme hardship.'") (quoting *United States v. Cirami*, 563 F.2d 26, 32 (2d Cir. 1977) (citations omitted in original) (footnote omitted)). Petitioner seeks to show extraordinary circumstances by asserting that he is actually innocent of the charges, as demonstrated by his "newly discovered evidence." (Docket No. 24-2 at 1-4).

Even assuming that actual innocence constitutes extreme hardship or extraordinary circumstances sufficient to justify relief under subsection (6) of Rule 60(b), the only relief to which Petitioner is entitled is the reopening of this Court's judgment dismissing his federal habeas petition, *not* vacatur of his underlying state conviction. *See Rodriguez v. Mitchell,* 252 F.3d at 199 ("[T]he ground petitioner asserts in support of his motion under Rule 60(b)—his claim that Mort, his state trial attorney, made fraudulent representations to the federal district court and that the respondent fraudulently concealed that respondent had deposed Mort—relates to the integrity of the federal habeas proceeding, not to the integrity of the state criminal trial. These

grounds, if proven, would simply result in the reopening of the federal habeas proceeding—not in the vacating of the state criminal judgment."); *accord Brown v. Ercole,* 563 F. App'x at 822.

Even assuming that this Court were to reopen the judgment under Rule 60(b)(6), and assuming further that Petitioner's freestanding claim of actual innocence has been fully exhausted, the Court cannot grant habeas relief on such a claim. As Respondent observes, the United States Supreme Court has "not resolved whether a prisoner may be entitled to habeas relief based on a freestanding claim of actual innocence." *McQuiggin v. Perkins,* 569 U.S. 383, 392 (2013) (citing *Herrera v. Collins,* 506 U.S. 390, 404-05 (1993)). "[T]he absence of any Supreme Court decision concerning this type of claim [provides] . . . no basis for concluding . . . [that there was] an unreasonable application of clearly established Federal law as determined by the Supreme Court . . . ." *Hines v. Miller*, 318 F.3d 157, 164 (2d Cir. 2003); *see also Lockhart v. Chandler*, 446 F.3d 721, 724 (7th Cir. 2006) (stating that the habeas petitioner "faces an impossible hurdle in showing the state court contradicted, or unreasonably applied, clearly established federal law as determined by the Supreme Court because the Court has expressly declined to decide the issue") (citation omitted). Thus, there is no basis for habeas relief. *See id.*

**V. Conclusion**

For the foregoing reasons, Petitioner's Motion to Vacate and Set Aside the Judgment (Docket No. 24) is denied. The Court declines to issue a certificate of appealability because Petitioner has failed to make a substantial showing of the denial of a constitutional right, *see* 28 U.S.C. § 2253(c)(2).

**SO ORDERED.**

s/Michael A. Telesca

HON. MICHAEL A. TELESCA
United States District Judge

Dated: July 16, 2018
Rochester, New York.